JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY YAN, | ) | Case No. CV 14-00982 DDP (MRWx) |
| Plaintiff, | ) | **ORDER REMANDING CASE** |
| v. | ) | [Docket No. 5] |
| GEORGE S. PROOF, | ) | |
| Defendant. | ) | |

Plaintiff filed an unlawful detainer Complaint against Defendant in state court on December 9, 2013.  The Complaint seeks possession of property located at 792 Edwin Ave, Pomona, California 91767. Defendant, in pro per, removed the action to his court on February 7, 2014. Plaintiff appears to invoke federal subject matter jurisdiction on the basis of both diversity and federal question jurisdiction. (See Notice of Removal at 2, 6.) However, the court's sua sponte review of the Complaint and Notice of Removal discloses that neither basis is properly invoked.

As to diversity jurisdiction, under 28 U.S.C. 1332(a), a diversity action may only be removed to federal court where there is complete diversity of citizenship. Hunter v. Philip Morris USA,

582 F.3d 1039, 1043 (9th Cir. 2009). There is a strong presumption against removal jurisdiction, which "must be rejected if there is any doubt as to the right of removal in the first instance." <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex. rel Lhotka</u>, 599 F.3d 1102, 1107 (9th Cir. 2010) (citing <u>Gauss v. Miles, Inc.</u>, 980 F.2d 564, 567 (9th Cir. 1992)). Defendant, as the proponent of federal jurisdiction, bears the burden to prove that removal is proper. <u>Id.</u> However, Defendant has failed to bear this burden because the Notice of Removal appears to assert that both parties are citizens of California. (<u>See</u> Notice of Removal ¶¶ 2-3.)

As to federal question jurisdiction, under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." However, the Complaint raises only one cause of action, unlawful detainer, an issue of state law. Thus, there is no subject matter jurisdiction.  Nor would any defenses relying upon federal law that Defendant might interpose support federal jurisdiction. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 60 (2009) (quotation, citation, and alteration omitted).

Finally, the court notes that Defendant appears to have improperly attempted to file his own Complaint by way of its Notice of Removal.

    For the forgoing reasons, this court lacks subject matter jurisdiction over the instant action and REMANDS this case to California state court.  In addition, the EX PARTE APPLICATION (DOCKET NUMBER 5) is vacated as moot.

IT IS SO ORDERED.

Dated: March 13, 2014

                                        DEAN D. PREGERSON
                                      United States District Judge

cc: order, docket, remand letter to
Los Angeles Superior Court, Northeast District
Pasadena, No. 13P07970